IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JEFFERSON FERNANDO CHIMBORAZO AZAS, | § § § § § § § § § § § § | |
| Petitioner, | | |
| v. | | CAUSE NO. EP-26-CV-389-KC |
| U.S. DEPARTMENT OF HOMELAND SECURITY et al., | | |
| Respondents. | | |

**ORDER**

On this day, the Court considered the case. Carmen Edelina Chimborazo Azas filed a Petition for Writ of Habeas Corpus, ECF No. 1, on behalf of her brother, Jefferson Fernando Chimborazo Azas.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner." *Romanov ex rel. Romanova v. Frink*, No. 25-cv-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). To proceed as "next friend" the individual must establish: (1) "an adequate explanation such as inaccessibility, mental incompetence, or other disability of why the real party in interest cannot appear on his own behalf" and (2) that the "next friend" is "truly dedicated to the best interests of the person" and has "some significant relationship with the real party in interest." *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss. Sept. 5, 2017).

Here, although Carmen Edelina Chimborazo Azas likely meets the second requirement as Jefferson Fernando Chimborazo Azas's sister, she does not explain why he cannot file a petition for a writ of habeas corpus on his own behalf. *See generally* Pet. She only alleges that Jefferson Fernando Chimborazo Azas "is currently detained and unable to access legal counsel." *Id.* at 3. But the Court receives many pro se petitions filed by detainees at the same facility where Jefferson Fernando Chimborazo Azas is held in custody, so his detention status or lack of legal counsel, in and of itself, does not suffice to justify the need to proceed through a next friend.

The Court thus exercises its discretion to order a supplemental filing to determine whether Carmen Edelina Chimborazo Azas may proceed as "next friend" on behalf of her brother. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Separately, the allegations in the Petition are lacking. The Petition states that Jefferson Fernando Chimborazo Azas "entered the United States irregularly" and was "apprehended by Border Patrol on or around November 30, 2025." Pet. 2. But it fails to state whether Jefferson Fernando Chimborazo Azas was apprehended on November 30 upon his entrance into the United States, or if he had entered the country prior to his date of apprehension. And if he entered prior to November 30, the Petition also fails to state whether he has ever previously been detained and released by immigration authorities. *See generally id.*

Further, the Petition was filed without submission of the $5.00 filing fee. Failure to properly pay the filing fee is not a jurisdictional defect and does not prevent the Court from exercising its discretion to order supplemental filings. *See Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978).

Accordingly, the Court **ORDERS** that, **by no later than March 3, 2026**, either:

(1) Carmen Edelina Chimborazo Azas must **FILE** written notice detailing (1) why Jefferson Fernando Chimborazo Azas cannot proceed with this petition for a writ of habeas corpus on his own behalf, (2) the date on which he first entered the United States, and (3) whether he has ever previously been detained and released by immigration authorities; or

(2) Jefferson Fernando Chimborazo Azas must **FILE** written notice expressing his intent to proceed with this petition on his own behalf, and explain (1) the date on which he first entered the United States, and (2) whether he has ever previously been detained and released by immigration authorities.

**IT IS FURTHER ORDERED** that either Carmen Edelina Chimborazo Azas or Jefferson Fernando Chimborazo Azas shall pay the required $5.00 filing fee, or file a proper motion to proceed without paying the filing fee, **by no later than March 3, 2026**. The Court **CAUTIONS** them that failure to timely pay the filing fee or file a proper motion to proceed without paying it may result in dismissal of the case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to both Carmen Edelina Chimborazo Azas and Jefferson Fernando Chimborazo Azas via certified mail at the following addresses:

Carmen Edelina Chimborazo Azas
2808 16th Avenue South, Floor 1
Minneapolis, MN 55407

Jefferson Fernando Chimborazo Azas
A-216853747
El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

**SO ORDERED**.

**SIGNED** this 11th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE